UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                 Case No. 24-cr-0177-bhl

SHAKUR J. WILLIS,

        Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

        On September 10, 2024, a grand jury returned a three-count indictment charging Defendant Shakur J. Willis with possession of a firearm by a felon, possession with intent to distribute controlled substances (cocaine, fentanyl, and oxycodone), and possession of a firearm in furtherance of a drug trafficking offense. (*See* ECF No. 1.) On September 30, 2024, the defendant was arraigned, and the magistrate judge set a schedule for filing pretrial motions. (ECF No. 6.) On October 22, 2024, the defendant filed a motion to suppress. (ECF No. 12.) The government responded on October 31, 2024, and the defendant filed a reply in support of his motion on November 6, 2024. (ECF Nos. 13 & 15.) On November 19, 2024, Magistrate Judge William E. Duffin issued a Report and Recommendation, recommending that this Court deny the motion to suppress. (ECF No. 19.) Following two unopposed extensions of his deadline for doing so, Willis filed objections to the Report on December 13, 2024. (ECF No. 24.) After initially failing to reply timely, the government received permission to file its response late and did so on February 7, 2025. (ECF No. 27.) On February 24, 2025, after receiving an extension, the defendant filed his reply. (ECF No. 30.)

        Pursuant to Federal Rule of Criminal Procedure 59, a "district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . ." Fed. R. Crim. P. 59(b)(1); *see also* Gen. L.R. 72(b)(2)(N) (magistrate judge's duties include "[s]upervising and determining all pretrial proceedings and motions made in criminal cases

including, without limitation, motions and orders made pursuant to Fed. R. Crim. P. 12 . . ."). After the magistrate judge enters a recommendation regarding a motion, the district judge reviews *de novo* any objections to the recommendation. Fed. R. Crim. P. 59(b)(3). The district court may "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed the motion and responses, Judge Duffin's thorough and well-reasoned Report, the defendant's objections, the government's response to those objections, and the defendant's reply. Even applying *de novo* review to those portions objected to by the defendant, the record confirms, as described below, that Judge Duffin correctly concluded that the motion to suppress should be denied. Accordingly, the Court will overrule the defendant's objections and adopt the magistrate judge's Report.

## ANALYSIS

Judge Duffin correctly determined that the warrant to search the defendant's residence located 6950 North 61st Street in Milwaukee, Wisconsin, was supported by probable cause. (*See* ECF No. 19 at 6–9.) In his affidavit supporting the warrant application, Milwaukee Police Officer Steven Suvaka stated that on April 5, 2024, while undercover in plain clothes at a sub shop, he observed a black semi-automatic handgun in the defendant's front sweatshirt pocket and smelled the odor of burnt marijuana emanating from him. (ECF No. 12-1 ¶5.) Suvaka further stated that he had over seven years' experience as a law enforcement officer with training in identifying concealed weapons. (*Id.* ¶¶2, 4.) Suvaka left the sub shop, returned to his vehicle, and asked the two other officers in the vehicle if they saw which vehicle the individual arrived in. The officers identified the man's vehicle as a gray Ford Escape with Wisconsin license plate AWR-1163. (*Id.* ¶6.) Suvaka ran a Department of Transportation check of the license plate, and the check revealed that the car was listed as a 2014 Ford Escape registered to Shakur J. Willis at the address of 6950 N. 61st Street. (*Id.* ¶7.) Suvaka ran a query of Willis on Milwaukee Police databases, viewed a recent booking photo, and confirmed him to be the individual in the sub shop who smelled of marijuana and was armed with a semi-automatic weapon. (*Id.*) Suvaka next ran a query of Willis in the Consolidated Court Automation Program, and the search revealed that Willis was a convicted felon with six arrests related to firearms and/or drugs, and, therefore, prohibited from carrying firearms. (*Id.* ¶8.) Two days later, Suvaka surveilled the defendant's listed address and observed the defendant park his car at the residence. (*Id.* ¶10.) He also confirmed that the

defendant had previously been stopped and arrested with a firearm and drugs in another car parked at the premises. (*Id.*) Suvaka stated that based on his training and experience, he knew that weapons can be secreted in any part of a residence, in vehicles related to the premises, and on persons located in the residence. (*Id.* ¶14.) Suvaka also stated that it is common for crime suspects who possess firearms legally or illegally to take or cause to be taken photographs of the firearms and that these photographs are typically kept and maintained on cellular devices. (*Id.* ¶16.)

Based on Suvaka's affidavit, a search warrant was issued permitting the search of the defendant's residence "to include all living areas, storage areas, locked boxes, safes, vehicles associated with and accessible to 6950 N. 61st Street, and all persons present on premises, certain goods, chattels, and property." (*Id.* at 1.)

The defendant objects that Judge Duffin relied too heavily on Suvaka's inferences that evidence of illegal gun possession would likely be found at 6950 N. 61st Street. (ECF No. 24 at 4.) The Court disagrees. Officer Suvaka's observations and statements were more than enough to establish probable cause justifying the search. An affidavit for a search warrant establishes probable cause when it alleges facts sufficient to induce a reasonably prudent person to believe that a search of a particular place will uncover evidence of a crime. *United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003). The warrant was amply supported by probable cause that evidence of illegal firearms possession was likely to be found in the defendant's residence or vehicles. It is a reasonable inference that the defendant illegally possessed firearms at his residence after he was observed with a prohibited firearm, identified as a black semi-automatic handgun, and seen entering his vehicle with the illegal weapon and days later parking the vehicle at his residence.

The Court also agrees with Judge Duffin that the fact that ten days had passed between the date Suvaka saw the defendant with the gun and the date the officers searched the defendant's residence does not undermine probable cause. (*See* ECF No. 19 at 9.) The defendant argues that if one were to follow such logic, any time someone is suspected of illegally possessing a gun, there will be probable cause to search that individual's home. (ECF No. 30 at 4.) Suvaka, however, did not merely suspect the defendant of illegally possessing a gun; he stated that when he was standing directly next to the defendant, he "observed a black semi-automatic handgun . . . in [the defendant's] front sweatshirt pocket." (ECF No. 12-1 ¶5.) Suvaka's direct observation of the defendant's criminal conduct bolstered by his experience and training established the requisite probable cause that evidence of illegal gun possession would be found at the defendant's residence.

The defendant also takes issue with the breadth of the search, which included his residence, vehicles associated with the residence, all cellular devices, and all persons in the residence. (ECF No. 30 at 10–11.) As previously noted, the search warrant allowed the search to include all living areas, storage areas, locked boxes, safes, vehicles associated with and accessible to 6950 N. 61st Street, and all persons present on the premises based on Suvaka's training and experience that firearms can be secreted in a number of areas as well as on persons located in the residence. (ECF No. 12-1 at 1, ¶14.) Judge Duffin correctly ruled that the warrant to search the entire residence, as opposed to specific rooms and places in the residence, was not overbroad. (*See* ECF No. 19 at 9.) And, although Judge Duffin acknowledged that "[t]he Government [did] not provide any facts indicating that there was a legitimate basis for searching Willis's family" who were in the residence at the time the warrant was executed and establishes "no connection between anyone other than Willis to the alleged crime," (*id.* at 14–15), the Court notes that a reasonable inference from Suvaka's training and experience is that a firearm could have been hidden on a person at the residence other than the defendant, providing a legitimate reason for the defendant's family members to be searched. And, as noted by the government, the seized firearms and accessories, narcotics and drug paraphernalia, approximately $31,000 in U.S. currency, and four cell phones, were found in the defendant's bedroom, reinforcing his ownership of the evidence. (ECF No. 27 at 3.)

Finally, even if the warrant was not supported by probable cause, which the Court does not conclude, the evidence seized would be admissible under the *Leon* good faith exception, under which evidence seized pursuant to a warrant should not be suppressed where the executing officers' reliance on the warrant was objectively reasonable—that is, they rely in good faith on the judge's determination that probable cause existed to search. *United States v. Leon*, 468 U.S. 897, 920–24 (1984). The decision to seek a warrant is *prima facie* evidence that the officer was acting in good faith. *United State v. Wiley*, 475 F.3d 908, 917 (7th Cir. 2007) (citing *United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002)). To rebut this, a defendant must show that the reviewing judge "wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *Id.* (citing *Koerth*, 312 F.3d at 868). Furthermore, "an officer cannot be expected to question the magistrate's probable cause determination." *Leon*, 468 U.S. at 921. The defendant does not meet this burden, so the good faith exception applies.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Defendant's objections to Judge Duffin's Report and Recommendation, ECF No. 24, and **ADOPTS** the Report and Recommendation of Judge Duffin, ECF No. 19.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress, ECF No. 12, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 27, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge